

# THE ATTORNEY GENERAL
## OF TEXAS

January 27, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University
   System
P. O. Box 12788
Austin, Texas  78711

Opinion No.  JM-848

Re:      Eligibility   of
aliens holding E-1 visas,
and those  under  a  NATO
Status of Forces Agree-
ment to pay resident tui-
tion  at  state  institu-
tions  of  higher  educa-
tion;  clarification   of
Attorney General Opinion
JM-241 (1984) (RQ-1274)

Dear Mr. Ashworth:

You ask  for  a  clarification  of Attorney General
Opinion JM-241 (1984) in the light of certain developments
in the law subsequent to the date that opinion was issued.

In Attorney  General  Opinion JM-241,  we  considered
whether federal  law  required Texas  to  permit  certain
categories of aliens present in the United States to adopt
this state as their domicile  for the purposes of  section
54.057 of the Texas Education Code. That law provides,  in
part, that

> [a]n alien  who is  living in  this  country
> under a visa permitting permanent  residence
> or who  has filed  with the  proper  federal
> immigration  authorities  a  declaration  of
> intention to become a  citizen has the  same
> privilege of qualifying for resident  status
> for fee  purposes under  this Act  as has  a
> citizen of the United States. . . .

Educ. Code §54.057.

We determined that the Supremacy Clause of the United
States Constitution required Texas to allow aliens who are
permitted by the  Congress to adopt  the United States  as
their domicile while they are in this country to have  the

p. 4105

same privileges as citizens and permanent residents of the Unites States despite the limitations in section 54.057 which restrict its application either to persons with the status of permanent resident or to those awaiting naturalization. See generally Toll v. Moreno, 458 U.S. 1 (1982).

This means, of course, that certain aliens residing in Texas may qualify as residents for purposes of tuition at state universities. Such aliens are required to meet the standards of proof for establishing resident status required of all other claimants under the Education Code.

Attorney General Opinion JM-241 determined that, among others, holders of visas in the E-1 category (certain employees of foreign commercial firms working in the United States) and persons stationed in this country by the armed forces of signatories to the Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces, 4 U.S.T. 1792, T.I.A.S. 2846 (the Status of Forces Agreement), are entitled to require Texas to recognize this state as their domicile for the purposes of section 54.057 of the Education Code. Based on the rationale in Toll v. Moreno, supra, the opinion stated:

> The Immigration and Nationality Act establishes various categories of nonimmigrant aliens. Congress expressly conditioned admission of aliens in some nonimmigrant categories on an intent not to abandon a foreign residence, a fact which precludes the establishment of a domicile in the United States for those aliens while allowing the establishment of a domicile for certain other nonimmigrant categories.

Attorney General Opinion JM-241 (1984).

Subsequent to the issuance of our opinion, the General Counsel of the Immigration and Naturalization Service, in a letter to the Texas College and University System, stated that it was the position of his office that aliens holding visas in the E-1 category were not permitted by Congress to establish a domicile in the United States:

> [P]ursuant to INS regulations, traders and investors . . . are admitted for a period not to exceed one year. See 8 C.F.R. §

> 214.2 (e). In fact, the legislative history of the Immigration and Nationality Act of 1952 mentions the temporary nature of the . . . category. . . . It seems therefore, that Congress has not permitted E aliens to adopt the United States as their domicile while they are here.

Letter, Maurice Inman, General Counsel, United States Immigration and Naturalization Service, to Mack Adams, Assistant Commissioner for Student Services, Texas College and University System, October 18, 1985.

We defer to the expert interpretation of the Immigration and Nationality Act developed by the chief legal officer of the agency charged with implementing the law. See e.g., United States v. 525 Company, 342 F.2d 759 (1965). Accordingly, JM-241 is modified insofar as it states that the holders of visas in the E-1 category must be permitted to adopt Texas as their domicile for the purposes of applying section 54.057 of the Education Code.

Additionally, with regard to the persons associated with the armed forces of signatories to the Status of Forces Agreement, supra, the General Counsel of the Immigration Service has issued an opinion concerning the ability of such alien military personnel and their dependents to acquire a domicile here. In pertinent part the opinion says:

> You have requested our opinion as to whether Congress allows [persons subject to the Status of Forces Agreement] to enter the United States as nonimmigrant aliens on terms permitting the establishment of domicile. This office has reviewed the pertinent immigration statutes as well as the NATO Status of Forces Agreement and is unable to conclude that any of these laws or agreements clearly conveys the right to establish domicile in the United States under federal immigration law.

> . . . .

> Personnel entering the United States under the NATO Status of Forces Agreement are accorded a nonimmigrant classification under that Agreement, and not under the Immigration and Nationality Act. Article

> III states that NATO personnel 'shall not be considered as acquiring any right to permanent residence or domicile in the territories of the receiving State.' NATO Status of Forces Agreement, T.I.A.S. 2846 (1951).

Letter, Maurice Inman, General Counsel, United States Immigration and Naturalization Service, to R. G. Grosskraumbach, Legal Affairs Section, Federal Republic of Germany, Armed Forces Administrative Agency, August 20, 1985.

Although the Immigration Service document setting forth this view is labeled as only representing the view of the General Counsel of the Service, we believe that it should be accorded great weight. United States v. 525 Company, supra. Therefore, to the extent that it permits aliens present in Texas to acquire domicile for the purpose of section 54.057 of the Education Code solely because of their status under the Status of Forces Agreement, Attorney General Opinion JM-241 is hereby modified.

## S U M M A R Y

Under the Supremacy Clause of the United States Constitution, aliens who are permitted by Congress to adopt the United States as their domicile while they are in this country must be allowed the same privilege as citizens and permanent residents of the United States to qualify for Texas residency for the purposes of tuition at state universities, despite the limitation in section 54.057 of the Texas Education Code. Holders of visas in the E-1 category, and aliens covered by the Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces, 4 U.S.T. 1792, T.I.A.S. 2846, are not permitted by Congress to establish domicile in the United States and therefore need not be permitted to establish residency status for the purposes of section 57.057 of the Texas Education Code. Attorney General Opinion JM-241, to the extent that it is inconsistent with this opinion, is modified.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General